ANSTEAD, Judge,
concurring specially.
I join in the majority’s opinion complying with the decision of the supreme court, but write separately in the hope that the legislature will take notice of the supreme court’s opinion concerning the statutory scheme for notice to property owners whose property is being sold because of their failure to pay taxes. The opinion demonstrates the need for a thorough review and revision of this statutory scheme to clearly reflect the legislature’s policy.
One particular concern is that the supreme court has effectively eliminated an important provision of the statutory notice scheme for Florida residents, by holding that the provision is directory only, and, accordingly, compliance therewith is not necessary. Section 197.522(2), Florida Statutes (1987), provides in part:
In addition to the notice provided in subsection (1), the sheriff of the county in which the legal titleholder resides shall, at least 20 days prior to the date of sale, notify the legal titleholder of record of the property on which the tax certificate is outstanding. The original notice and sufficient copies shall be prepared by the clerk and provided to the sheriff. Such notice shall be served as specified in chapter 48; if the sheriff is unable to make service, he shall post a copy of the notice in a conspicuous place at the legal titleholder’s last known address. The inability of the sheriff to serve notice on the legal titleholder shall not affect the validity of the tax deed issued pursuant *729 to the notice. A legal titleholder of record who resides outside the state may be notified by the clerk as provided in subsection (1).
In my view, the legislature intended by this provision to require additional notice by personal service of tax sales involving Florida resident landowners. This additional notice has, in effect, now been eliminated. However, it remains “on the books.” I would hope that the legislature would review the statutory scheme for notice of tax sales and clarify its intent, regardless of what that intent might be.